RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Defendant, *State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIEM NGUYEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Insurance Company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:  2:20-cv-02136-JCM-EJY<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE, CAP ON DAMAGES, AND AGREEMENT FOR PRIVATE BINDING ARBITRATION** |

This Stipulation and Order for Dismissal With Prejudice, Cap On Damages, And Agreement For Binding Arbitration (hereinafter "Agreement") is entered into by Plaintiff, Diem Nguyuen ("Plaintiff"), and Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has arisen from a motor vehicle accident that occurred on December 7, 2019, which resulted in certain claims being filed by Plaintiff against State Farm, and which culminated in a lawsuit styled *Diem Nguyen v. State Farm Mutual Automobile Insurance Company*, currently pending in the United States District Court, District of Nevada, Case No. 2:20-cv-02137-JCM-EJY.  Plaintiff is represented by Moss Berg Injury Lawyers; State Farm is represented by Hall Jaffe & Clayton, LLP.

The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. State Farm has issued a policy of automobile insurance, which names Plaintiff as an insured and which provides, among other coverages, Uninsured/Underinsured Motor Vehicle coverage ("UIM"). The policy provides UIM limits of $50,000 "each person" for any single accident, subject to all terms, conditions, limitations of the policy and any applicable offsets.

2. In an effort to resolve all disputes, claims, and controversies between the Parties arising out of and relating to the December 7, 2019 accident and subsequent claims handling and decision-making, the Parties have agreed to dismiss the pending lawsuit with prejudice, cap all damages against State Farm at $49,160.00 (which is the remaining amount of the $50,000.00 UIM limit and which acknowledges State Farm's prior payment of $840.00 as an advance payment of UIM benefits), and allow the remaining UIM contract/value dispute claims to be submitted to and decided through binding arbitration.

3. For and in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

4. The Parties, through this Agreement, agree to dismiss the instant lawsuit with prejudice that is currently on file in the United States District Court, State of Nevada, with each party to bear its own fees and costs.

5. The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of Plaintiff's UIM contract/value dispute claims against State Farm arising out of the December 7, 2019 automobile accident. The arbitrator's decision and award shall be the sole basis for recovery on this claim and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial or appellate court or any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a motion for reconsideration or similar motion or request to the arbitrator.

6. The arbitrator will only be asked to resolve the issue of Plaintiff's "legal entitlement," if any, to UIM proceeds under the subject policy arising out of the December 7,

2019, accident, subject to all terms, conditions, and offsets under the policy and Georgia law. In other words, the arbitrator shall determine fault for the accident (and apportion it appropriately, if necessary); the extent of Plaintiff's damages by placing a fair and equitable "total value" (which includes compensable medical specials, income loss, and general damages) on Plaintiff's claims for the accident; and the application of any of the policy's terms, conditions and exclusion, if applicable. The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims, including, but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, or liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages, have been and are expressly waived by Plaintiff through this Agreement and through the dismissal of the lawsuit with prejudice.

7.     The Parties agree to use Judge Jennifer Togliatti (Ret.) as the arbitrator.

8.     The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall be allowed to conduct any reasonable discovery permitted by the arbitrator under the Nevada Rules of Civil Procedure relating to fault for the accident and extent of Plaintiff's damages. The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery. Subpoenas can be issued and enforced pursuant to NRS 38.233. Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9.     The arbitration hearing will be held at a mutually agreed upon date and time.

10.    The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The parties may submit and the arbitrator may consider written expert reports consistent with the format requirements of Nev. R. Civ. P. 26 in lieu of live expert testimony.

11.    Regarding Plaintiff's remaining UIM contract/value dispute claims against State Farm, the "range of award" herein shall be set at a $0.00 "low" and capped at a $49,160.00 "high." In other words, if Plaintiff is able to prove legal entitlement to UIM proceeds beyond the applicable offsets, then Plaintiff could potentially recover up to the remaining amount of the

$50,000 UIM limit, which has now been reduced to $49,160.00 in light of State Farm's prior UIM advance payment. Through this agreement and arbitration, then, Plaintiff may ultimately be able to recover up to a total of $49,160.00 from State Farm. The $49,160.00 "high" derives from the remaining amount of UIM benefits potentially available to Plaintiff under the policy.

12. With respect to the December 7, 2019 accident, State Farm will be entitled to $50,840.00 in offsets, which derive from the $50,000 in BI proceeds paid by the tortfeasor and $840.00 that State Farm has paid as an advance UIM payment.

13. The only manner in which State Farm would be obligated to pay any UIM proceeds for the December 7, 2019, accident is if the arbitrator concluded that the total value of Plaintiff's claim for the that accident exceeded $50,840.00.

14. The maximum amount that State Farm would ever be required to pay Plaintiff in UIM money under this Agreement is $49,160.00. By way of example only, if the arbitrator were to conclude that the total value of Plaintiff's claim for the accident was $200,000.00, then State Farm would only be obligated to the maximum amount allowable under this Agreement, i.e., $49,160.00 in UIM benefits. In other words, any awarded amount over the amount of the offsets and the remaining amount of the UIM policy limit ($49,160.00), which is the "high" cap under this Agreement, is otherwise discharged/eliminated by operation of law through this Agreement.

15. The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or interest to any party. An Offer of Judgment by either party will have no effect.

16. Payments of the sum awarded, as limited and capped by the parameters set forth herein, shall be made no later than 20 days after service of the arbitrator's written decision.

17. The Parties agree to equally share and pay for the arbitrator's fees and costs.

18. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

///

///

19. The terms and conditions of this agreement may be modified upon the written and mutual agreement of the Parties.

Dated this 2nd day of February, 2021.

HALL JAFFE & CLAYTON, LLP

/s/ Riley A. Clayton

---
RILEY CLAYTON
Nevada Bar No. 5260
7425 Peak Dr.
Las Vegas, Nevada 89128
Attorney for Defendant

Dated this 2nd day of February, 2021

MOSS BERG INJURY LAWYERS

/s/ Marcus Berg

---
MARCUS BERG
Nevada Bar No. 9760
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Attorney for Plaintiff

ORDER

IT IS SO ORDERED.

Dated: February 5, 2021

_____
UNITED STATES DISTRICT COURT JUDGE